UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DAVID A. BOCHNER,                                             Docket No. 07 CIV 7633 (DC)

                Plaintiff,

      -v-                                                              **ANSWER**

A.R.E.B.A. CASRIEL, INC. and PAN AMERICAN
MEDICAL CENTER,

                Defendants,

----------------------------------------------------------------X

      Defendants, A.R.E.B.A. Casriel, Inc. and Pan American Medical Center, by and through their attorneys, Milman & Heidecker, hereby answer the Verified Complaint of Plaintiff, David A. Bochner, as follows:

(1)    Defendants hereby admit the truth of those allegations contained in paragraphs numbered 2, 3, 4, 6, 7 and 17 of the Verified Complaint.

(2)    Defendants hereby deny the truth of those allegations contained in paragraphs numbered 5, 9, 10, 13, 14, 15, 16, 18, 19, 21, 22, 23, 26, 27, 28, 29 and 30 of the Verified Complaint.

(3)    Defendants hereby deny possession of knowledge and information sufficient to form a belief concerning the truth of those allegations contained in paragraphs numbered 1 of the Verified Complaint.

(4)    Defendants hereby admit the truth of those allegations contained in paragraph number 8 of the Verified Complaint that allege that Plaintiff earned a salary of $125,000 in 1997 and hereby deny the balance of the allegations contained in paragraph number 8 of the Verified Complaint.

(5)    Defendants hereby admit the truth of those allegations contained in paragraph number 11 of the Verified Complaint that allege that Plaintiff received $25,000 in March, 1998 and hereby deny the balance of the allegations contained in paragraph number 11 of the Verified Complaint.

(6) Defendants hereby admit the truth of those allegations contained in paragraph number 12 of the Verified Complaint that allege that Plaintiff earned a salary of $125,000 in 1998 and hereby deny the balance of the allegations contained in paragraph number 8 of the Verified Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

(7) With respect to the First Cause of Action contained in the Verified Complaint, Plaintiff has failed to state a cause of action upon which relief can be granted.

(8) Plaintiff had no agreement with Defendants for "guaranteed deferred compensation." All payments over and above base salary, if any, were bonuses which were purely discretionary with management.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

(9) With respect to the First Cause of Action contained in the Verified Complaint, Plaintiff's claim is barred by the Statute of Frauds.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

(10) With respect to the First Cause of Action contained in the Verified Complaint, Plaintiff's claim is barred by waiver.

(11) By initiating a Cause of Action against the Defendants under § 740 of New York Labor Law ("Whistleblower Statute"), Plaintiff has waived his other claims against Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

(12) With respect to the First Cause of Action contained in the Verified Complaint, Plaintiff's claim is barred by estoppel.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

(13) With respect to the First Cause of Action contained in the Verified Complaint, Plaintiff's claim is barred by the doctrine of "clean hands."

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

(14)    With respect to the First Cause of Action contained in the Verified Complaint, Plaintiff has received full payment of all monies due and owing to him.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

(15)    With respect to the Second Cause of Action contained in the Verified Complaint, Plaintiff has failed to state a cause of action upon which relief can be granted.

(16)    With respect to the conditions of which Plaintiff alleges he complained to his supervisor, those conditions did not constitute violations of statute, regulation or rules.

(17)    With respect to the conditions of which Plaintiff alleges he complained to his supervisor, those conditions did not pertain to danger the public health or safety.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

(18)    With respect to the Second Cause of Action contained in the Verified Complaint, Defendants lacked *scienter* that Plaintiff had engaged in any statutorily protected activity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

(19)    With respect to the Second Cause of Action contained in the Verified Complaint, Plaintiff's claim is barred by estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

(20)    With respect to the Second Cause of Action contained in the Verified Complaint, Plaintiff's claim is barred by the doctrine of "clean hands."

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

(21)    With respect to the Second Cause of Action contained in the Verified Complaint, all of Defendant's actions toward Plaintiff were taken for *bona fide* and non-retaliatory reasons.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

(22)    With respect to the Second Cause of Action contained in the Verified Complaint, Plaintiff has received full payment of all monies due and owing to him.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

(23) With respect to the Second Cause of Action contained in the Verified Complaint, Plaintiff's claims are barred by the applicable Statute of Limitations.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

(24) With respect to the Second Cause of Action contained in the Verified Complaint, Plaintiff's claims are not made in good faith.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

(25) With respect to the First and Second Causes of Action contained in the Verified Complaint, Plaintiff is not entitled to claim compensatory damages.

**WHEREFORE**, for all of the reasons set forth above, Defendants, A.R.E.B.A. Casriel, Inc. and Pan American Medical Center, respectfully pray for an Order dismissing the Verified Complaint of Plaintiff, David A. Bochner, and each and every part thereof, and for the costs, disbursements, including attorneys fees, of this action and for such other and further relief as to this Honorable Court may seem just and proper.

Dated: August 29, 2007

/s/_____
PERRY S. HEIDECKER (PH-6955)
MILMAN & HEIDECKER
Attorneys for Defendants
3000 Marcus Avenue
Lake Success, New York 11042
Tel. (516) 328-8899
Fax. (516) 303-1399

To:   Todd Mizeski, Esq.
      Frier & Levitt, LLC
      Attorneys for Plaintiff
      19 Microlab Road, Suite A
      Livingston, NJ 07039
      Tel. (973) 535-1660
      Fax. (516) 535-0650

Case 1:07-cv-07633-DC  Document 3  Filed 08/29/2007  Page 5 of 5